IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SEAN CHRISTOPHER MITCHELL CREED, )
)
)
      Plaintiff, )
)
      v. )    1:13CV927
)
S. SAUNDERS, et al, )
)
      Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. Plaintiff states in the Complaint that he did not fully exhaust available administrative remedies, but merely wrote letters instead. (Docket Entry 1, § III.) Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint, and Plaintiff had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005).

3. Plaintiff has not named proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. He names only one person, Correctional Administrator S. Saunders, as a Defendant. However, Plaintiff's factual allegations are that gang members

assaulted him at Piedmont Correctional Institution. Plaintiff received medical care and protective custody before being transferred to Scotland Correctional Institution. After receiving more threats at Scotland, Plaintiff requested and received protective custody. However, he states without explanation that he still feels unsafe, that he wrote a letter to Saunders, and that Saunders did not respond. He concludes that Saunders is "trying to get [him] assaulted again." (Docket Entry 1, § V.) Thus, Plaintiff's only allegation against Saunders is that he did not answer a letter. He couples this with an unsupported conclusion that Saunders must be trying to have him assaulted. At no point does he explain what more Saunders or anyone else could do for him given that he is already in protective custody. The Complaint does not appear to state a claim for relief against Saunders. Plaintiff also asks for damages, but it is not clear what Saunders allegedly did to warrant damages or, for that matter, to violate Plaintiff's rights in any way.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.*, Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 5TH day of November, 2013.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge